IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 1 5 2004

CLERK

JOHN TRUJILLO,

    Plaintiff,

v.      No. CIV-04-0128 JB/ACT

JOE R. WILLIAMS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. §1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. The Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $150.00. The Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about the Plaintiff's financial status, the Court finds that the Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The Court will grant the IFP motion, and, for the reasons stated below, will dismiss the Plaintiff's Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting McKinney v. Oklahoma, Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing the Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that the Defendant closed the law library at the New Mexico state penitentiary. In the library's place, the Defendant instituted "a new access to court program," which the Plaintiff contends is inadequate for use in inmate litigation. Furthermore, the Defendant has eliminated inmate legal assistant jobs. The Plaintiff asserts that these actions prevented him from effectively pursuing his habeas corpus claims, in violation of his right of access to the courts. He seeks damages.

Plaintiff's allegations do not support a claim for denial of access to the courts. Even assuming the truth of his allegations for purposes of this opinion, the Plaintiff does not allege "relevant actual injury," Lewis v. Casey, 518 U.S. 343, 351 (1996)(emphasis added), resulting from officials' actively interfering with his attempts to prepare and file legal documents, see id. at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" Bounds v. Smith, 430 U.S. 817, 828 n.17 (1977)(quoting Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). The Plaintiff may not base his § 1983 action on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." Lewis, 518 U.S. at 351. Here, the Plaintiff alleges only that the Defendant closed the law library and reduced available legal assistance. Because the Plaintiff does not allege active interference with his preparation and filing of papers, the

Court can grant no relief on his claim. The Court will dismiss the Plaintiff's complaint.

**IT IS THEREFORE ORDERED** that the Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. §1915 (Doc. #2) is GRANTED, and the initial partial payment is WAIVED;

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint is DISMISSED; other pending motions are DENIED as moot; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will enter in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE